[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:MOTION FOR SUMMARY JUDGMENT #219
FACTS
Robyn Callow (Callow), by and through her conservator, William O'Reilly,[1] filed a four count revised complaint against the defendants, Devine Brothers, Inc. (Devine), Paul McDonald and Laura Warren,[2] Playtex Apparel, Inc. (Playtex), and Beazley Realty Company (Beazley) on March 25, 1991. The plaintiff alleges that during September, October and November of 1987, Callow was a tenant on premises located at 17 Byington Place in Norwalk. The plaintiff alleges that as a result of the negligent maintenance, inspection and repair of the furnace on the premises by the defendants in their various capacities,[3]
Callow has suffered severe and permanent injuries, and has incurred and is likely to incur substantial expenses.
On November 22, 1994, Playtex filed a motion for summary judgment. The plaintiff filed a memorandum in opposition on February 14, 1995. Beazley also filed an opposition memorandum, on February 8, 1998. The matter was heard by the court on February 9, 1998.
Playtex, McDonald's employer, argues that it had no relationship with Callow, McDonald's tenant, did not owe her a duty of care, and consequently, as a matter of law, cannot be found negligent. Playtex has submitted the affidavit of Melvin L. Ortner, vice president and general counsel of Playtex. Ortner states that pursuant to the policies outlined in Playtex's reassignment handbook, Playtex retained Beazley to arrange for the rental and administration of the premises.[4]
(Motion For Summary Judgment, Affidavit of Melvin L. Ortner). The plaintiff argues that Playtex should have anticipated that Callow would suffer in juries due to the faulty furnace. The plaintiff also argues that Playtex breached the duty of care it owed to Callow CT Page 4893 since Playtex was in constructive possession of the premises. Finally, the plaintiff argues that Playtex, acting as the agent of McDonald and Warren, owed Callow a duty to maintain the property in a safe condition. Beazley argues that whether Playtex retained control over the premises and therefore owed Callow a duty of care is a question of fact. Beazley also argues that the existence of an agency relationship between Playtex and Beazley is a question of fact. Beazley has submitted the affidavit of Linda Kate Johnson, a Beazley employee, who states that she was in contact with Playtex in regards to the premises. Memorandum In Opposition To Motion For Summary Judgment, Affidavit of Linda Kate Johnson. Three written correspondences from Beazley to Playtex in regards to the premises, as well as a management agreement between Beazley and Playtex, are attached to the affidavit.[5]
"[T]he three elements required to show the existence of an agency relationship include: (1) a manifestation by the principle that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principle will be in control of the undertaking." Hallasv. Boehmke Dobosz. Inc., 239 Conn. 658, 673, 686 A.2d 491
(1997). Agency is generally a question of fact. Id., 674.
In support of the motion for summary judgment, Ortner states that Playtex reassigned McDonald in mid-1987, and that pursuant to the reassignment, Playtex retained Beazley to arrange for the rental and administration of the premises. (Motion For Summary Judgment, Affidavit of Melvin L. Ortner). Callow subsequently rented the premises, without Playtex ever meeting or contracting with Callow. (Motion For Summary Judgment, Affidavit of Melvin L. Ortner). Playtex was not contacted by any of the parties concerning a problem with the furnace, and did not learn of any problem with the furnace until after Callow was injured. Motion For Summary Judgment, Affidavit of Melvin L. Ortner).
In her affidavit in support of Beazley's opposition to the motion for summary judgment, Johnson states that Playtex and Beazley entered into a one year contract, whereby Beazley would manage the subject premises from August 1, 1987 through July 1, 1988. (Memorandum In Opposition To Motion For Summary Judgment, Affidavit of Linda Kate Johnson). Beazley remained in contact with Playtex, as shown by letters supplied by Beazley dated after Callow was injured. (Memorandum In Opposition To Motion For Summary Judgment, Letters From Beazley to Playtex dated November CT Page 4894 29, 1987; January 9, 1988; January 11, 1988).
Under this factual background a material issue of fact remains in dispute as to whether there was an agency relationship between Beazley and Playtex. The management agreement indicates that McDonald and Warren, as the owners of the subject premises, are to be notified in the event that an amount in excess of fifty dollars was required to be expended for purposes of repairs or maintenance. (Memorandum In Opposition To Motion For Summary Judgment, Exhibit B, Real Estate Management Agreement). However, the management agreement also indicates that Beazley would bill Playtex for commission fees. (Memorandum In Opposition To Motion For Summary Judgment, Exhibit B, Real Estate Management Agreement). Consequently, the legal relationships between the parties are unclear. The management agreement, although entered into on behalf of McDonald and Warren, and requiring their input on matters such as certain repairs and maintenance, was signed by Playtex and Beazley, was terminable by Playtex or Beazley, and the expenses for Beazley's services were paid by Playtex. (Memorandum In Opposition To Motion For Summary Judgment, Exhibit B, Real Estate Management Agreement). Accordingly, Playtex's motion for summary judgment is hereby DENIED.
MELVILLE, J.